IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORWEST BANK NEW MEXICO,
N.A., Vaughan, New Mexico Branch,
as Personal Representative for the
ESTATE OF DAO NGUYEN, VAN
NGUYEN, IM FINKEL, MONTE
JONES, a/k/a Mark Jones,   No. CIV 98-1069 MV/LCS
THERESA JONES, as parent and
next friend of ROBERT TYLER
HERNDON, a/k/a Tyler Herndon, a
minor, and DAVID ABERCROMBIE

           Plaintiffs,

vs.

MARITZ, INC, a foreign corporation,

           Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment Based on the Doctrine of Collateral Estoppel, filed July 21, 1999 **[Doc. No. 14]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**, as explained below.

## BACKGROUND

For the purpose of resolving this Motion, the Court finds that the following are the undisputed facts: Plaintiffs bring this diversity action against Defendant Maritz, Inc. (Maritz) claiming conspiracy, breach of contract, negligence, negligent hiring, negligent misrepresentation, and intentional misrepresentation. Plaintiffs seek damages arising *inter alia* out of the wrongful

death of Dao Nguyen, bodily injuries and emotional distress sustained by Van Nguyen, Kim Finkel, Monte Jones, and Tyler Herndon, and property damage and emotional distress sustained by David Abercrombie.  On July 21, 1995, Plaintiffs were traveling in a 1990 Plymouth Grand Voyager Minivan ("the minivan") on Interstate Highway 40 in Guadalupe County, New Mexico.  The minivan was manufactured by Chrysler Corporation.  The minivan was involved in a tragic roll-over accident on Interstate, as a result of which decedent Dao Nguyen was killed, and Plaintiffs Van Nguyen, Kim Finkel, Monte Jones and Tyler Herndon were injured.  Plaintiffs allege that the injuries resulted from Plaintiffs and decedent being ejected from the vehicle during the accident due to a defective and weak latch on the rear door of the minivan.

Around March of 1995, Chrysler Corporation had reached an agreement with the federal government to recall Dodge, Chrysler and Plymouth Minivans for the model years 1984 to 1994, to replace the rear door latch.  Around March or April of 1995, through an agreement with Chrysler Corporation and with the assistance and direction from Chrysler, Maritz set up and ran and informational hot-line regarding Chrysler's minivan latches.  Plaintiff, David Abercrombie, purchased the minivan from Huffines Chrysler Plymouth dealership in Plano, Texas.  On at least three occasions prior to the accident, David Abercrombie contacted Huffines Chrysler Plymouth regarding the need for the latch to be replaced.  Plaintiff was told by Huffines' employees and managers that the latch was safe and to keep driving the vehicle.  Plaintiffs allege that Maritz served as an information source to dealerships, and that Maritz communicated to dealerships, including Huffines Chrysler Plymouth, that the latches were safe.

Plaintiffs brought suit in the District Court of Guadalupe County, New Mexico, against Chrysler Corporation and Huffines Chrysler Plymouth, for injuries and death arising from the July

21, 1995 accident. *Norwest Bank of New Mexico, N.A. v. Chrysler Corporation*, 1999-NMCA-070, ¶¶ 1-2, Vol. 38, No. 24 SBB 10 (Ct. App.), *cert. denied,* No. 25, 725 (1999). Maritz was not a party to this suit. Plaintiffs alleged in the suit that the injuries and death were caused by Plaintiffs and decedent being ejected from the minivan due to the defective rear-door latch, which they were led to believe was safe. *Id.* at ¶¶ 1-3. Following a lengthy trial in state court against Chrysler, the jury determined that the latch on the minivan was defective, but that the defective latch was not a proximate cause of the injuries or death claimed by Plaintiffs. *Id.* at ¶¶ 1,6.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the Court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993). The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not

lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## DISCUSSION

Defendant moves for summary judgment, arguing that the jury finding of no proximate causation in *Norwest v. Chrysler* should have preclusive effect, preventing Plaintiffs from relitigating the issue of proximate cause here. Defendant argues that proximate causation is an essential element to the claims asserted by Plaintiffs and without a finding of proximate cause, Plaintiffs cannot prove any alleged misconduct by Maritz led to the injuries or death sustained by Plaintiffs. Plaintiff raises a number of arguments in response.[1] The Court will address only the arguments it finds most compelling and therefore dispositive: (1) that Defendant has not

---

[1] Plaintiffs spend much time arguing about the alleged errors occurring at the state trial. The Court will not consider these arguments, both because they are not relevant to the present motion, and because the New Mexico Court of Appeals has already determined that any errors were harmless. It is not the function of a federal court to review the rulings of a state court.

4

established that the issue of proximate causation litigated at the state court trial is identical to the proximate causation asserted in the case against Maritz, and (2) that Defendant has not established that the issue of Maritz's alleged misconduct was actually litigated at the state court trial.

"This court gives full faith and credit to state court judgments." *Wilkinson v. Pitkin County Board of County Commissioners*, 142 F.3d 1319, 1322 (10th Cir. 1998); *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir.1997) (*citing* 28 U.S.C. § 1738); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80-85 (1984). In a diversity action in federal court, the preclusive effect of a state-court decision is governed by state law. *Maya v. General Motors Corp.*, 953 F.Supp. 1245, 1247, (D.N.M. 1996).

Collateral estoppel or issue preclusion prevents "the relitigation of ultimate facts or issues actually and necessarily decided in a prior suit." *Shovelin v. Central New Mexico Electrical Cooperative, Inc.*, 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993) (*quoting International Paper Co. v. Farrar*, 102 N.M. 739, 741, 700 P.2d 642, 644 (1985) and *Adams v. United Steelworkers*, 97 N.M. 369, 373, 640 P.2d 475, 479 (1982)); *Silva v. State*, 106 N.M. 472, 474-76, 745 P.2d 380, 382 (1987). The New Mexico Supreme Court has held that collateral estoppel does not require an identity of all parties but may be used "offensively" to prevent one party from relitigating an issue decided adversely to its interest in an unrelated lawsuit. *Shovelin*, 115 N.M. at 297; *Sliva*, 106 N.M. at 474-76. However, the moving party must demonstrate that:

> (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.

5

*Shovelin*, 115 N.M. at 297; *Sliva*, 106 N.M. at 474-76. Further, "[t]he party seeking to preclude litigation of an issue has the burden of showing with clarity and certainty that the issue was actually and necessarily determined; if the basis of the prior decision is unclear, subsequent litigation may proceed. *State ex rel. Martinez v. Kerr-McGee Corp.*, 120 N.M. 118, 122, 898 P.2d 1256, 1260 (Ct. App.) *cert. denied*, 120 N.M. 68, 898 P.2d 120 (1995) (*citing Connors v. Tanoma Mining Co.*, 953 F.2d 682, 684 (D.C.Cir.1992); *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir.1992); and *Gulf Tampa Drydock Co. v. Germanischer Lloyd*, 634 F.2d 874, 877-78 (5th Cir.1981)). "If the movant introduces sufficient evidence to meet all elements of this test, the trial court must then determine whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior litigation." *Shovelin*, 115 N.M. at 297; *Sliva*, 106 N.M. at 474-75. Ultimately, "[w]hether the doctrine should be applied is within the trial court's discretion." *Shovelin*, 115 N.M. at 299; *Sliva*, 106 N.M. at 476.

Defendant Maritz has clearly established the first two elements of collateral estoppel. Plaintiffs in the present action, against whom collateral estoppel is being asserted, were clearly parties to the state court action. In addition, the present case between Maritz and Plaintiffs is different from the prior case against Chrysler, involving separate and distinct causes of action. *See Shovelin*, 115 N.M. at 297; *Sliva*, 106 N.M. at 474-76. The state court action involved strict product liability, negligence, misrepresentation, and negligent infliction of emotional distress, whereas the present claims involve conspiracy, breach of contract, negligent hiring, in addition to negligent misrepresentation and infliction of emotional distress.

Plaintiffs dispute that the third and fourth element of collateral estoppel are met, arguing that the issue of proximate causation in this case was not actually litigated and determined in the

6

prior state court action. Specifically, Plaintiffs assert that in the prior action the issue of proximate causation was whether the defective latch caused the injuries, whereas here, the issue of proximate causation is whether David Abercrombie would have taken the minivan out on July 21, 1995 had he not been misled by Maritz. Plaintiffs contend that but for the misrepresentations of Maritz, David Abercrombie would not have taken his family on a vacation in the minivan. Plaintiffs also argue that all evidence related to Maritz was excluded from the state court trial, and therefore, there has been no opportunity to litigate the issue of Maritz's alleged misconduct.

Plaintiffs arguments are without merit and do not persuade the Court. Plaintiffs miss the mark when they assert that the issue of proximate causation in this case is different from the issue of proximate causation litigated in the state court case. While it may be true that David Abercrombie would not have taken the minivan out but for the alleged misrepresentations of Maritz, it is the issue of the defective latch that is crucial to a determination of proximate causation. Plaintiffs do not contend that the ultimate damage in this case is David Abercrombie's continued use of the minivan or that David Abercrombie's continued use of the minivan by itself caused the deaths or injuries. Rather, the damage asserted is the injury and death to Plaintiffs. It is alleged that this damage was proximately caused by the defective latch, not merely by David Abercrombie's continued use of the vehicle. David Abercrombie's continued use of the minivan would be of no consequence in this case if it were not for the defective latch. The ultimate issue therefore, is whether the defective latch proximately caused the injuries. This issue has been fully litigated and determined by a jury in state court action. Maritz has presented this Court with verdict forms in which the jury indicated that the defective latch was not a proximate cause of the Plaintiffs' injuries. In addition, the Court has reviewed the New Mexico Court of Appeals opinion

7

discussing the jury's determination that the defective latch was not a proximate cause. There is sufficient evidence that the issue of proximate causation has been fully litigated and necessarily determined at the state court level, thereby satisfying the third and fourth elements of collateral estoppel. *See Shovelin*, 115 N.M. at 297; *Sliva*, 106 N.M. at 474-76.

The Court is likewise not persuaded by Plaintiffs arguments that the issue of Maritz's misconduct was not fully litigated at the state court trial. Collateral estoppel is a doctrine of issue preclusion. It does not require that any or all of the factual issues regarding Maritz's conduct to have been presented to the jury. To the contrary, collateral estoppel specifically contemplates that the causes of action the two cases (and the related factual issues) be different for collateral estoppel to apply. *See Shovelin*, 115 N.M. at 297; *Sliva*, 106 N.M. at 474-76. The issue which Maritz contends is precluded is the issue of proximate cause, not any issues regarding whether Maritz was negligent, breached any contract or entered into any conspiracy.

The elements of collateral estoppel having been met here, this Court must now determine whether Plaintiffs had a "full and fair opportunity" to litigate the issue of proximate cause. The Court concludes that Plaintiffs did have sufficient opportunity. At the state court trial, the issue of proximate causation was extensively litigated. Chrysler offered evidence in the form of a video demonstrating that the passengers were ejected from side windows, rather than the rear door. Chrysler further offered testimony that no latch, defective or not, could have withstood the force of the collision. Plaintiffs offered their own evidence and expert testimony supporting their claim that the passengers were ejected from the rear door as a result of the defective latch. This is not a case where Plaintiffs have not been afforded a full and fair opportunity to litigate the proximate cause question. To the contrary, it is evident that the question of proximate cause of the claimed

8

injuries and damages was highly contested and extensively litigated over the course of the trial and conclusively determined by the jury.

It is ultimately up to the court in its discretion to determine whether to apply collateral estoppel. *See Shovelin*, 115 N.M. at 299; *Sliva*, 106 N.M. at 476. When a movant makes a prima facie showing, the court must consider the countervailing equities including, but not limited to, prior incentive for vigorous defense or prosecution, inconsistencies procedural opportunities, and other factors. *See, e.g. Parklane Hosiery Co v. Shore*, 439 U.S. 322, 326, n. 5 (1979). The purposes underlying the doctrine of collateral estoppel are judicial economy and to prevent expenditure of time and resources in relitigation of issues of that a party has already had the opportunity to have determined by a jury. Those purposes favor the application of the doctrine to bar relitigation of the proximate cause issue here. *See Shovelin*, 115 N.M. at 297; *Sliva*, 106 N.M. at 474-76. Plaintiffs urge the Court in its discretion to not apply collateral estoppel in this case, on the grounds that the full facts of Maritz' conduct have not been litigated due to the state trial court's decision to exclude any evidence related to Maritz. The Court is sympathetic to Plaintiffs' wish to bring to light the extent of Maritz' alleged misconduct. However, Plaintiffs could have done so by joining Maritz as a party in the prior action. Having determined to proceed in different actions against Chrysler and Maritz, Plaintiffs were aware of the possibility of collateral estoppel. The Court will not in its discretion refrain from applying collateral estoppel merely because Plaintiffs made the tactical decision to proceed in different actions. The Court concludes that Plaintiffs have had the opportunity to fully and fairly litigate the issue of proximate cause. That issue being adversely determined, the equities in this case weigh in favor of applying collateral estoppel to prevent endless relitigation of the issue of proximate cause.

Summary judgment should be granted, due to the estoppel on the issue of proximate cause. The jury has determined that the essential element of proximate cause fails. The failure of the element of proximate cause renders all other issues in this case immaterial. Plaintiffs cannot prove that their damages were sustained as a result of Maritz' misconduct without proving that the defective latch led to their injuries. Based on collateral estoppel barring relitigation of proximate causation, Maritz is entitled to summary judgment on all of Plaintiff's claims in this case, as a matter of law. *See Celotex Corporation v. Catrett,* 477 U.S. 317, 322-23 (1986).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment Based on the Doctrine of Collateral Estoppel **[Doc. No. 14]** is hereby **GRANTED**.

Dated on this 14th day of March, 2000

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiffs:
    Turner Branch
    Arthur Solon
    Rebecca Branch
    Patrick Casey

Attorneys for Defendant:
    Martin Diamond
    Emily Franke